UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

SHANNON R.,[1]

               Plaintiff,

    v.

COMMISSIONER, Social Security Administration,

               Defendant.

Case No. 6:20-cv-01699-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

       Plaintiff Shannon R. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and supplemental security income ("SSI") under Title XVI. This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

P. 73 and 28 U.S.C. § 636(c). *See* ECF No. 6. For the reasons set forth below, the Commissioner's decision is REVERSED and this case is REMANDED for an immediate calculation of benefits.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for SSI and DIB in July 2017 with an alleged onset date of September 12, 2010. Tr. 192–203.[2] Plaintiff later amended her alleged onset date to May 28, 2015. Tr. 213. Plaintiff's applications were denied initially in July 2018 and again upon reconsideration in April 2019. Tr. 122–25, 130–33. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), Tr. 137–38, and a hearing was held in January 2020, Tr. 33–62. On March 27, 2020, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 12. The Appeals Council denied Plaintiff's request for review, Tr. 1, and the ALJ's decision operates as the final decision of the Commissioner subject to this Court's review. Plaintiff's timely appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 42 years old on her alleged onset date of May 28, 2015. Tr. 63. She has a high school education and past relevant work experience as a general clerk. Tr. 23. Plaintiff alleges disability based on bipolar disorder, manic depression, panic attacks, and obsessive-compulsive disorder ("OCD"). Tr. 230.

## LEGAL STANDARD

A court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879

---

[2] "Tr." citations are to the Administrative Record. ECF No. 13.

F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation" (citation omitted)). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citation and internal quotations omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§

404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the impairment does not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations the claimant's impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, the claimant is not disabled; if the claimant cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since her alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff had the following severe impairments: anxiety, depression, bipolar

disorder, post-traumatic stress disorder ("PTSD"), panic disorder with agoraphobia, and neurocognitive disorder. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. *Id.* The ALJ found that Plaintiff had the RFC to perform a full range of work with the following limitations:

> Due to mental impairments, the claimant; can apply commonsense understanding to carry out short and simple written or oral instructions (consistent with Level 2 reasoning that can be learned in 30 days or less); can never have interactive contact with the public; can have frequent interactive contact with co-workers or supervisors.

Tr. 20.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 23. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite her impairments. *Id.* The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 24.

## DISCUSSION

Plaintiff asserts that remand is warranted for three reasons: (1) the ALJ erred by improperly rejecting Plaintiff's subjective symptom testimony; (2) the ALJ erred in rejecting medical opinion evidence; and (3) the ALJ failed to identify a legally sufficient basis to reject the lay witness statement. The Court addresses each argument in turn.

### I.     Subjective Symptom Testimony

Plaintiff assigns error to the ALJ's evaluation of her subjective symptom testimony. Pl.'s Op. Br. 5–14, ECF No. 17. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record

contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; instead, the ALJ "must state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017). The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Plaintiff reported she experienced panic attacks when she went outside and when talking to other people, could not go out alone due to panic, and did not socialize with other people. Tr.

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p, 2017 WL 5180304, at *1–2 (S.S.A. Oct. 25, 2017).

253–58. She testified that she could not go to the grocery store alone and experienced anxiety even when accompanied by her daughter or grandson. Tr. 49. She did not make eye contact with other people. Tr. 52–53. She needed encouragement from her daughter to take care of personal grooming. Tr. 255. She did not handle stress or changes in routine well, Tr. 259, and testified that her last employer terminated her employment because she was too afraid to answer the phone and speak to customers, Tr. 46–47. She reported that it took her "a long time to learn things," that she could only pay attention for about fifteen minutes, and that she was depressed. Tr. 253–58. She testified that she did not believe she could make it through a job interview due to her anxiety. Tr. 56.

Here, the ALJ rejected Plaintiff's subjective symptom testimony because it was inconsistent with the medical record. Tr. 18. The Commissioner argues that the ALJ reasonably discounted Plaintiff's subjective complaints because "treatment helped her symptoms, she exhibited relatively intact mental functioning, and her symptoms seemed linked to situational stressors in her life." Def.'s Br. 3, ECF No. 18.

In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at her hearing do not comport with objective medical evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, especially in the mental health context, an ALJ may not cherry-pick isolated instances of favorable psychological symptoms when the record as a whole reflects long-standing psychological disability. *See Ghanim*, 763 F.3d at 1164; *see also Garrison*, 759 F.3d at 1017. Moreover, a lack of objective evidence may not be the sole basis for rejecting a claimant's subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

An independent review of the record establishes that Plaintiff's subjective complaints are amply supported by the record. For example, in May 2015, Plaintiff reported erratic moods, instability, and exhaustion. Tr. 311. Two weeks later, she reported ongoing mood lability, anxiety, panic attacks, and depression. Tr. 324. In August 2015, Plaintiff reported mood swings, depression, episodes of panic, and feelings of isolation. Tr. 332. In November 2015, Plaintiff still reported depression and anxiety despite treatment. Tr. 345. In June 2016, Plaintiff's anxiety worsened and she reported an inability to leave the house alone or sleep through the night. Tr. 460. In August 2016, Plaintiff reported ongoing agoraphobia. Tr. 456. In November 2016, Plaintiff continued to experience high anxiety and was on the verge of panic most of the time. Tr. 440. By February 2019, Plaintiff reported crying about three times a week and continued to experience intense anxiety with hyperarousal in public. Tr. 977. From June 2017 through November 2019, Plaintiff consistently reported that debilitating anxiety impacted her ability to leave her home. Tr. 474, 482, 488, 495, 500, 967, 1003, 1009, 1012, 1015, 1018, 1021, 1030, 1042, 1049, 1053, 1057, 1060, 1063, 1065–66, 1068, 1103–04, 1106–07. As such, the ALJ failed to supply legally sufficient reasoning to reject Plaintiff's testimony on her subjective complaints alone.

The Commissioner further asserts that Plaintiff's course of treatment provided a clear and convincing reason to reject Plaintiff's testimony. Def.'s Br. 3, ECF No. 18. The effectiveness of treatment is a relevant factor an ALJ may consider when evaluating subjective symptom testimony. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv–v), 416.929(c)(3)(iv–v). However, "it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison*, 759 F.3d at 1017. Rather, reports of improvement in the mental health context "must be interpreted with an understanding of the patient's overall well-being and the

nature of her symptoms." *Id*. Moreover, the Ninth Circuit has cautioned against drawing inferences based upon reports of improvements during mental health treatment. *See id*. at 1017–18; *see also Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir. 2001) ("[S]tatements must be read in context of the overall diagnostic picture he draws. That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

An independent review of those treatment notes fails to support the Commissioner's contention that Plaintiff's symptoms improved. When viewed in context, those records reveal that while at times Plaintiff made limited improvement, her mental health impairments consistently affected her ability to function. In 2015, Plaintiff consistently reported mood swings, anxiety, panic attacks, and depression. Tr. 311, 324, 332, 345. While in January 2016, Plaintiff reported feeling better, Tr. 353, by June 2016 she again reported feelings of anxiety, agoraphobia, and panic, Tr. 460. In June 2017, Plaintiff continued to experience elevated anxiety, constant worry, restlessness, and irritability. Tr. 374–84, 404–09, 982–987. Over time, Plaintiff was treated with different combinations of Sertraline, Latuda, Vistaril, Trazadone, Lithium, Lamotrigine, Seroquel, and Propranolol. Tr. 322, 325, 346, 422, 427, 431–32, 436–37, 461. Despite treatment and medication, Plaintiff's symptoms continued through at least November 2019. Tr. 474, 482, 488, 495, 500, 967, 1003, 1009, 1012, 1015, 1018, 1021, 1030, 1042, 1049, 1053, 1057, 1060, 1063, 1065–66, 1068, 1103–04, 1106–07.

Accordingly, Plaintiff's brief response to treatment was not a clear and convincing reason to reject her subjective symptom testimony. *See Garrison*, 759 F.3d at 1017 ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months

or years and to treat them as a basis for concluding a claimant is capable of working."); *see also Ghanim*, 763 F.3d at 1162 (noting that the "fact that a person suffering from depression makes some improvement does not mean that person's impairment no longer seriously affects his ability to function in the workplace" (citation, internal quotations, and bracketing omitted)).

As such, the medical record in this case was not a clear and convincing reason to reject Plaintiff's subjective symptom testimony.

## II.     Medical Evidence

Plaintiff challenges the ALJ's assessment of the medical opinion evidence. Pl.'s Br. 14, ECF No. 17. For disability claims filed on or after March 27, 2017, new regulations for evaluating medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168818, 82 Fed. Reg. 5844, at *5867–68 (Jan. 18, 2017); *see also Tyrone W. v. Saul*, No. 3:19-cv-01719-IM, 2020 WL 6363839, at *6 (D. Or. Oct. 28, 2020) ("For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. § 416.920c governs how an ALJ must evaluate medical opinion evidence.").

Under the new regulations, the Commissioner is no longer required to supply "specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Allen O. v. Comm'r of Soc. Sec.*, 3:19-cv-02080-BR, 2020 WL 6505308, at *5 (D. Or. Nov. 5, 2020) (citing *Revisions to Rules*, 2017 WL 168819, at *5867–68). Instead, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The two most important factors in doing so are the opinion's "supportability" and "consistency." *Id.* ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions . . . in [their] decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2). With regard to supportability, the

"more relevant the objective medical evidence and supporting explanations presented by a medical source are to support [their] medical opinion[ ], the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to consistency, the "more consistent a medical opinion[ ] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). ALJs may consider other factors relating to the provider's relationship with the claimant; however, they are not required to do so except in a limited number of circumstances. 20 C.F.R. §§ 404.1520c(b)(3), 416.1520c(b)(3).

The parties do not dispute that the new regulations apply. The Commissioner, however, disputes the impact the new regulations have on existing Ninth Circuit caselaw. *See, e.g.*, *Robert S. v. Saul*, No. 3:19-cv-01773-SB, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021) (noting that "the Commissioner revised agency regulations to eliminate the hierarchy of medical opinions"); *Thomas S. v. Comm'r of Soc. Sec.*, 2020 WL 5494904, at *2 (W.D. Wash. Sep. 11, 2020) (noting that the "hierarchy [for treatment of medical opinion evidence] underpinned the requirement in the Ninth Circuit that an ALJ must provide clear and convincing reasons to reject an uncontradicted doctor's opinion and specific and legitimate reason where the record contains contradictory opinion"). The Ninth Circuit has not yet addressed whether or how the new regulations alter the standards set forth in prior cases for rejecting medical opinion evidence. *See Robert S.*, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021) (collecting cases).

Given the Act's broad grant of authority to the agency to adopt rules regarding "proofs and evidence," prior caselaw must yield to the Commissioner's new, permissible regulations to the extent older cases expressly relied on the former regulations. *Yuckert*, 482 U.S. at 145 ("The Act authorizes the Secretary to 'adopt reasonable and proper rules and regulations to regulate and

Page 11 — OPINION AND ORDER

provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same' in disability cases." (citing 42 U.S.C. § 405(a)); *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982–83 (2005) (holding that courts should grant *Chevron* deference to regulatory changes that conflict with prior judicial precedent, unless a court's prior construction followed from the unambiguous terms of the statute and thus left no room for agency discretion); *Emilie K. v. Saul*, 2021 WL 864869, at *4 (E.D. Wash. Mar. 8, 2021) (collecting cases and observing "[m]ost District Courts to have addressed this issue have concluded that the regulations displace Ninth Circuit precedent").

The new regulations do not, however, upend the Ninth Circuit's entire body of caselaw relating to medical evidence, which remain binding on this Court. For example, it remains true that ALJs may not cherry-pick evidence in discounting a medical opinion. *Ghanim*, 763 F.3d at 1162; *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (reversing ALJ's selective reliance "on some entries in [the claimant's records while ignoring] the many others that indicated continued, severe impairment"). Nor may ALJs dismiss a medical opinion without providing a thorough, detailed explanation for doing so:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (citation omitted). In other words, while the new regulations eliminate the previous hierarchy of medical opinion testimony that gave special status to treating physicians, ALJs must still provide sufficient reasoning for federal courts to engage in meaningful appellate review. *See Bunnell v.*

*Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). With these principles in mind, the Court turns to the ALJ's assessment of the medical evidence.

    **A.**    **Scott Alvord, Psy.D.**

Dr. Scott Alvord served as Plaintiff's examining psychologist. Tr. 645. In 2019, Dr. Alvord performed two consultative neuropsychological evaluations of Plaintiff. Tr. 645–53. Dr. Alvord diagnosed Plaintiff with bipolar II (most recent episode depressed), unspecified neurocognitive disorder (alcoholism versus unknown etiology), and anxiety disorder, NOS. Tr. 650. He opined that Plaintiff would have difficulty performing simple and repetitive tasks, performing detailed and complex tasks, accepting instructions from supervisors, interacting with coworkers and the public, performing work activities on a consistent basis without special or additional instructions or accommodations, maintaining regular attendance in the workplace, completing a normal workday or workweek without interruptions from a psychiatric condition, and dealing with usual stress encountered in the workplace. *Id.* He based his opinion on Plaintiff's poor memory, borderline intelligence level, loud and pressured speech, depressed mood, affect ranging from laughing to crying, significant tangential behavior, anxiety and fidgeting, flight of ideas, and inability to count or spell words backwards. Tr. 647–50.

The ALJ rejected Dr. Alvord's opinion as "not persuasive." Tr. 22. The ALJ specifically rejected "Dr. Alvord's restriction regarding her difficulty performing simple tasks," citing "some

evidence of reliable memory, her admission at one point that her memory was not interfering with her daily activities, linear thought process, pertinent thought content, and her adequate long-term, short-term, and immediate memory." *Id.* The ALJ also reasoned that "the adaptive limitations that Dr. Alvord . . . assessed are not supported by the record based on [Plaintiff's] adequate judgment, adequate abstract thinking, intact thought content, lack of ideas of reference, and adequate dress and grooming." *Id.* The Commissioner asserts this was proper because the objective record and Dr. Alvord's own findings did not support Dr. Alvord's assessments. Def.'s Br. 8–9, ECF No. 18.

An independent review of the record reflects that Dr. Alvord's opinion is amply supported by the record. As explained, an ALJ may not cherry-pick isolated instances of favorable psychological symptoms when the record as a whole reflects long-standing psychological disability. *See Ghanim*, 763 F.3d at 1164; *see also Garrison*, 759 F.3d at 1017. First, Dr. Alvord's opinion is supported by the medical record. *See, e.g.*, Tr. 321, 324, 334, 380 (presenting with labile affect, impaired attention, and agitation); 324, 334, 486, 500, 968, 977 (presenting with rapid, pressured speech and flight of ideas); 319, 374, 997, 1088 (noting Plaintiff's memory issues); 345 (presenting with a depressed affect); 384, 440, 456, 943 (presenting as anxious); 1003, 1042, 1049, 1063 (presenting as tearful). Second, Dr. Alvord's opinion is supported by Plaintiff's subjective symptom testimony. *See, e.g.*, Tr. 311, 324, 332, 440 (reporting mood swings and lability); Tr. 332, 345 (reporting depression); Tr. 456, 460, 474, 482, 488, 495, 500, 967, 1003, 1009, 1012, 1015, 1018, 1021, 1030, 1042, 1049, 1053, 1057, 1060, 1063, 1065–66, 1068, 1103–04, 1106–07 (reporting agoraphobia, anxiety, and panic). As such, the ALJ improperly rejected Dr. Alvord's opinion.

### III. Lay Witness Testimony

Plaintiff assigns error to the ALJ's evaluation of the lay witness statements. Pl.'s Op. Br. 18–20, ECF No. 17. Lay witness testimony regarding the severity of a claimant's symptoms or how an impairment affects a claimant's ability to work is competent evidence that an ALJ must take into account. *Nguyen*, 100 F.3d at 1467. To reject such testimony, an ALJ must provide "reasons that are germane to each witness." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1007 (9th Cir. 2015) (quoting *Molina*, 674 F.3d at 1114). Further, the reasons provided must also be "specific." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (citing *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009)). However, where the ALJ has provided clear and convincing reasons for rejecting the claimant's symptom testimony, and the lay witness has not described limitations beyond those alleged by the claimant, the ALJ's failure to provide germane reasons for rejecting lay testimony can be harmless. *Molina*, 674 F.3d at 1121–22.

Although the ALJ must consider evidence from nonmedical sources pursuant to the new regulations, 20 C.F.R. §§ 404.1520c(d), 416.920c(d), the ALJ is "not required to articulate how he considers evidence from nonmedical sources and he does not have to use the same criteria as required for medical sources. The regulations, however, do not eliminate the need for the ALJ to articulate analysis of lay-witness statements." *Ryan L. F. v. Comm'r of Soc. Sec.*, No. 6:18-cv-01958-BR, 2019 WL 6468560, at *8 (D. Or. Dec. 2, 2019) (internal quotations and bracketing omitted). The ALJ errs when the ALJ fails to provide specific, germane reasons for rejecting the lay witness statement. *Joseph M. R. v. Comm'r of Soc. Sec.*, No. 3:18-cv-01779-BR, 2019 WL 4279027, at *12 (D. Or. Sep. 10, 2019).

The record contains a lay witness statement submitted by Plaintiff's daughter, Deanna C. Tr. 263. The ALJ did not accept or reject the lay witness testimony. *See* Tr. 21. Instead, the ALJ briefly summarized the lay witness statement. *Id.* The Commissioner asserts that the ALJ had valid reasons for discounting both Plaintiff's subjective complaints and her daughter's statement which was duplicative of Plaintiff's subjective symptom testimony. Def.'s Br. 11, ECF No. 18. However, as discussed above, the ALJ failed to supply legally sufficient reasons for rejecting Plaintiff's subjective complaints. Accordingly, the ALJ's failure to explicitly reject the lay witness statement was harmful error.

## IV.    Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F.3d at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the

Page 16 — OPINION AND ORDER

Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)) (internal quotations omitted).

Here, the first requisite is met based on the ALJ's harmful legal errors discussed above. The ALJ failed to supply legally sufficient reasons for rejecting Dr. Alvord's opinion. The ALJ also failed to supply legally sufficient reasons for rejecting the lay witness testimony. As to the second requisite, the record has been fully developed and further proceedings would not be useful. The VE testified that all of the jobs identified in the national economy would have too many people in close proximity. Tr. 61. The VE also testified that employees may miss one day per month but would be terminated if they "miss more than that on any sort of a consistent basis." *Id.* However, Dr. Alvord opined that Plaintiff's impairments would cause her difficulty in maintaining regular attendance in the workplace, dealing with usual stress encountered in the workplace, accepting instructions from supervisors, and interacting with coworkers and the public. Tr. 650. Thus, in fully crediting Dr. Alvord's opinion as true, the ALJ would be required to find Plaintiff disabled on remand. *See Clester v. Comm'r of Soc. Sec.*, No. 09-cv-765-ST, 2010 WL 3463090, at *8 (D. Or. Aug. 3, 2010) (crediting doctor's opinion that the claimant "had *marked limitations* in her ability to . . . *maintain regular attendance, and be punctual within customary tolerances*" combined with VE testimony that "individuals who miss *two or more* days on a chronic basis are not competitively employable" warranted remanding for an immediate calculation and award of benefits) (emphasis added), *adopted*, 2010 WL 3463078 (D. Or. Aug. 31, 2010); *see also Hazen v. Colvin*, 2015 WL 1186776, at *7 (E.D. Wash. Mar. 16, 2015) (crediting doctors' opinions that the claimant had "marked limitations and an inability to

sustain basic work activities" and remanding for an immediate calculation and award of benefits).

Lastly, considering the record as a whole, the Court has no basis to doubt that Plaintiff is disabled under the Act. As such, the Court concludes the proper remedy in this case is to remand for a calculation of benefits. *See Garrison*, 759 F.3d at 1022–23.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 29th day of November 2021.

                                                s/ Mustafa T. Kasubhai
                                                MUSTAFA T. KASUBHAI (He / Him)
                                                United States Magistrate Judge